**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**Civil Action No. 07-74-HRW**

**FRED BLAIR**,                                                              **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**               **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 27, 1995, Plaintiff filed an application for supplemental security income payments.   Although this application was denied initially, upon reconsideration Plaintiff was deemed disabled and awarded benefits.

1

This decision was ultimately reconsidered and it was determined that alcohol was a material factor in the prior determination of disability.  Thus, Plaintiff's benefits ceased effective January 1, 1997.

Plaintiff requested a reconsideration of the redetermination.  This resulted in an unfavorable decision dated September 22, 1997.  Plaintiff appealed.

The United States District Court for the Eastern District of Kentucky remanded the claim for further consideration.

Following another unfavorable decision, Plaintiff appealed.  The case was again remanded for further consideration.

 On July 1, 2005 , an administrative hearing was conducted by Administrative Law Judge John Barker (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

2

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 14, 2005, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 44  years old at the time of the hearing decision.  He has an eleventh grade education.  His past relevant work experience consists of work as a tree climber, junkyard man and recycling worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffered from impairments which he found to be "severe" within the meaning of the Regulations          At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.  In doing so, the ALJ specifically considered listings 12.04 and 12.06.

3

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the  residual functional capacity ("RFC") to perform a significant range of light work. The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

The ALJ further found that alcohol abuse was a material factor at all times relevant to the decision.

Accordingly, the ALJ determined Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 3, 2007 (Tr. 555-557).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In this case, it is important to note that on March 29, 1996, Congress enacted legislation which bars a finding of disability if substance abuse, either drugs or alcohol, is a "contributing factor material to" the determination of disability.  Pub. L. No. 104-121, § 105(b)(amending Title XVI of the Social Security Act).

Thus, in cases where alcohol abuse is of record, the pertinent inquiry is which limitations would remain absent substance abuse.  *See*, 20 C.F.R. § 416.935 (b)(1) (2006).

Plaintiff only contention on appeal is that the hypothetical proffered to the

5

VE by the ALJ was inadequate.   Specifically, Plaintiff disputes the ALJ's

assumption that "public contact would have to be casual and frequent" (Tr. 655).

Plaintiff maintains that the ALJ's hypothetical to the VE should have included a

limitation of "no useful ability to deal with the public" (Plaintiff's brief at pg. 6).

The long-standing rule in this circuit is that the hypothetical question is

proper where it accurately describes a claimant's functional limitations.  *Varley v.

Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This

rule is necessarily tempered by the requirement that the ALJ incorporate only those

limitations which he or she finds to be credible.  *Casey v. Secretary of Health and

Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Having reviewed the record, the undersigned finds that the hypothetical

posed to the VE comports with the  objective medical evidence of record.   For

example, the record includes an opinion, rendered by Robert Smith, M.D., on

February 12, 1997, that Plaintiff's ability to deal with the public is "good"(Tr.

236).

In addition, Gary Maryman, a psychologist who evaluated Plaintiff in March

1997 and again in September 2000, recommended that Plaintiff not deal with the

public on a 'regular and day to day basis" (Tr. 244, 378).

6

There is nothing in the record which contradicts or calls into question the credibility of these opinions.

The only evidence Plaintiff cites in support of his argument is the response a VE gave at the 2001 hearing, prior to the 2004 remand. At that hearing, Plaintiff's counsel proffered a hypothetical to the VE which included the limitation of "no useful ability to deal with the public" (Tr. 551). This was included in the ALJ's RFC (Tr. 331-332). However that decision appealed and ultimately remanded (Tr. 586). On remand, the United States District Court for the Eastern District of Kentucky vacated the ALJ's decision (Tr. 319-333). Thus, that decision does not provide a proper evidentiary basis for Plaintiff's argument.

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

7

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for

Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will

be entered contemporaneously herewith.

This November 6, 2007.

Signed By:

_Henry R Wilhoit Jr._

United States District Judge